Tedd J. Kochman, Bar No. 017401995
tkochman@littler.com
LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
Telephone: 973.848.4700
Facsimile: 973.643.5626

Matthew E. Farmer, Bar No. 190484
mfarmer@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

ATTORNEYS FOR DEFENDANT EVERON, LLC F/K/A ADT COMMERCIAL LLC

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA LLAMAS,<br><br>Plaintiff,<br><br>v.<br><br>EVERON, LLC, a Limited Liability Company; ADT COMMERCIAL LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION [28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed in Alameda Superior Court: 8/12/25 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ERIKA LLAMAS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Everon, LLC, formerly known as ADT Commercial LLC ("Defendant"), hereby removes the above-captioned action from Alameda County Superior Court in the State of California to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

2. On August 12, 2025, Plaintiff Erika Llamas ("Plaintiff") filed a Complaint ("Complaint") against Defendant in Alameda County Superior Court: *Erika Llamas vs. Everon, LLC et. al*, Case No. 25CV136860 (the "State Court Action"). The Complaint asserts the following causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide accurate wage statements; (6) failure to reimburse for business expenses; (7) failure to provide wages when due and upon termination; (8) failure to pay sick wages; (9) unfair business practices in violation of violation of Business & Professions Code § 17200.

3. On August 22, 2025, Plaintiff served Defendant with the Summons and Complaint. Plaintiff filed a Proof of Service of Summons on August 28, 2025. (Declaration of Matthew E. Farmer ("Farmer Decl.") ¶¶ 2, 5 & Exs. "A" and "C.")

4. On August 15, 2025, the case was assigned to the Honorable Somnath Raj Chatterjee in Department 21 of the Alameda County Superior Court. (Farmer Decl. ¶ 3.)

5. On August 15, 2025, a Notice of an Initial Case Management Conference was filed. (Farmer Decl. ¶ 4, & Ex. "B.")

6. On September 11, 2025, the Court issued an Order designating this case as complex. (Farmer Decl. ¶ 6, Ex. "D.")

7. On September 16, 2025, the Court filed Minutes from the September 11, 2025 Complex Determination Hearing. (Farmer Decl. ¶ 7, & Ex. "D.")

/ / /

8. On September 17, 2025, Defendant filed an Answer to Plaintiff's Complaint in the Alameda County Superior Court. (Farmer Decl. ¶ 8 & Ex. "F.")

9. Pursuant to 28 U.S.C. § 1446(d), Exhibits A-F constitute all process, pleadings, and orders filed in the State Court Action. (Farmer Decl. ¶¶ 9-10.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

10. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (Farmer Decl. at ¶¶ 9-10.)

## III. TIMELINESS OF REMOVAL

11. This Notice of Removal is timely filed as it is filed within thirty (30) days of August 22, 2025, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. See 28 U.S.C. § 1446(b), (c).

## IV. REMOVAL JURISDICTION

12. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A. Diversity of Citizenship

#### 1. Plaintiff is a Citizen of California

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. Plaintiff alleges that she worked in California during the Class Period. (Compl. ¶ 3.) According to Defendant's records, Plaintiff's last known home address is in California. (Declaration of Cristian Flores ("Flores Decl."), ¶ 6). As such, Plaintiff was at all relevant times domiciled in

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

California and, upon information and belief, is a citizen of California for diversity purposes. *See Kantor*, 704 F.2d at 1090; *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).

**2. Defendant Everon, LLC is a Citizen of Colorado and Florida**

15. Everon, LLC is a limited liability company. At the time of the filing of the Complaint, Everon, LLC was, and still is, organized and existing under the laws of the state of Colorado, and is therefore a citizen of the State of Colorado. (Flores Decl.., ¶ 3 & Ex. "G.")

16. It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). With regard to the corporate citizenship analysis, the United States Supreme Court has made clear that a single, uniform test – the "nerve center" test – shall be applied in determining a corporation's "principal place of business." See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *Id.* In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id*. at 95.

17. Applying the above analysis, the principal place of business, or "nerve center" of Everon, LLC is located in Florida. Everon, LLC has at all times had its principal place of business and headquarters in Florida. (Flores Decl., ¶¶ 3-4.) Everon LLC's high-level officers direct, control, and coordinate the Company's corporate and business activities from Florida. (*Ibid.*) Accordingly, Everon, LLC is not a citizen of California, but rather is a citizen of the State of Florida for purposes of determining diversity of citizenship.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**3. The Citizenship of the Doe Defendants Should Be Disregarded for Diversity Purposes**

18. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

19. Defendants Does 1 through 50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

20. As demonstrated above, Plaintiff and Defendant are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**B. The Amount in Controversy Is Over $75,000**

21. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming *arguendo* for purposes of this removal only that Plaintiff is able to establish liability based on her claims, the amount in controversy exceeds the jurisdictional minimum. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

22. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Supporting evidence is only required if the plaintiff contests or the court questions the allegations supporting removal. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. As one district court previously held:

> Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the Plaintiff's claims for damages.'" When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met.

*Cagle v. C&S Wholesale Grocers, Inc.,* 2014 U.S. Dist. LEXIS 21571 (E.D. Cal. Feb. 18, 2014); *see also Roa v. TS Staffing Servs., Inc*., No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) (holding that since the defendant "was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches," the plaintiff's attack on the evidence was "fallacious").

23. The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Company*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996); *White v. J.C. Penny Life Ins. Co*., 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

24. Only the citizenship of the named parties in a putative class action, like the present case, are considered for diversity purposes. *Snyder v. Harris,* 394 U.S. 332, 339-340 (1969). Obviously if the amount in controversy included the entire class, the $75,000.00 threshold would be easily exceeded. However, using just Plaintiff's individual claims alone, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. (Farmer Decl., ¶¶ 13-17.)

25. Here, Plaintiff was employed by Everon, LLC from June 26, 2023 to December 18, 2024. (Flores Decl., ¶ 6.) During her employment, Plaintiff usually worked approximately eight (8) hours

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

a shift five (5) days a week across forty (40) pay periods or nineteen (19) months. (Flores Decl., ¶¶ 6-8.) While Defendant denies fully any and all liability, damages, and propriety of class certification, using Plaintiff's Complaint allegations, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000.

26. Defendant briefly analyzes below each of the wage and hour claims alleged in Plaintiff's Complaint:

**Minimum Wage Claim**

27. Plaintiff alleges that Defendant rounded her time and required her to work off-the-clock and through meal breaks. (Compl. ¶¶ 8, 13.) She does not allege how many uncompensated hours exist. Here, assuming one hour of unpaid work in each shift worked across forty pay periods, and multiplying that by Plaintiff's hourly rate of pay of $32.56, Plaintiff's potential damages for her minimum wage claim is $13,024. (Farmer Decl. ¶ 16.)

**Overtime Claim**

28. Plaintiff alleges that Defendant failed to pay Plaintiff for all overtime worked. (Compl. ¶ 76.) Plaintiff further alleges that Defendant failed to accurately record overtime worked. (Compl. ¶ 77.) Plaintiff's pay records indicate that she worked on average approximately one overtime hour per pay period for the forty pay periods worked. (Flores Decl. ¶ 7.) Assuming an additional hour of unrecorded overtime per pay period, multiplying eighty hours of unpaid overtime by time-and-a-half Plaintiff's hourly rate of pay, Plaintiff's potential damages for her overtime claim is $3,907.20. (Farmer Decl. ¶ 16.)

**Missed Meal Breaks**

29. Plaintiff alleges that Defendant failed to pay meal premiums at the appropriate regular rate. (Compl. ¶ 10.) Plaintiff further alleges that she was "from time to time" unable to take thirty-minute off duty meal breaks. (Compl. ¶ 11.) Plaintiff also alleges that Defendant rounded meal periods in order to avoid paying meal premiums. (Compl. ¶ 12.) Additionally, Plaintiff claims that Defendant's "policy and practice failed to provide the legally mandated meal … periods." (Compl. ¶ 50.)

30. Though Plaintiff does not explicitly state in the Complaint how many meal breaks she allegedly worked but was not compensated for, for purposes of establishing removal jurisdiction, it is

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

reasonable to assume a violation rate of one per shift based on the Complaint's language that there was a willful policy and practice of denying breaks. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) (approving of the use of a 100% violation rate in removal calculations because the plaintiff is the master of her complaint and could thus avoid removal by limiting the allegations); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (same); *see also Thomas v. Aetna Health of California, Inc.,* 1:10–CV–01906–AWI, 2011 WL 2173715 (E.D.Cal. June 2, 2011) ("requiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case"); *Bryant v. Serv. Corp. Int'l,* C 08–01190SI, 2008 WL 2002515 at *6 (N.D.Cal. May 7, 2008) ("defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur").

31. Based on Plaintiff's allegations, assuming one non-compliant meal break during each shift worked across the forty pay periods, and multiplying that by the $32.56 meal period premium, Plaintiff's potential damages for her missed meal break claim is $13,024. (Farmer Decl. ¶ 16.)

**Rest Break Claim**

32. Plaintiff alleges that "from time to time," she worked in excess of four hours without being provided ten-minute rest breaks. (Compl. ¶ 12.) Plaintiff further alleges that she was "from time to time," denied first, second and third rest breaks. (*Id.*) Notably, Plaintiff alleges that Defendant's rest break policy was facially non-compliant because it prohibited Plaintiff from leaving the work premises during all of her rest periods. (*Id.*.)

33. As discussed above, though Plaintiff does not explicitly state in the Complaint how many non-compliant rest breaks she allegedly worked for which she did not receive a rest period premium. For purposes of establishing removal jurisdiction, it is reasonable to assume a violation rate of one per shift based on the Complaint's language that there was a willful policy and practice of prohibiting employees from leaving the work premises during rest breaks. *See, e.g., Coleman, supra*; *Muniz*, *supra*; *Thomas*, *supra; Bryant*, *supra*.

34. Plaintiff generally worked eight-hour shifts and therefore was entitled to two rest breaks each shift. (Flores Decl. ¶ 7.) During the course of her employment between June 26, 2023 and

December 18, 2024, assuming five shifts per week across forty pay periods, Plaintiff worked approximately 400 shifts and would have been entitled to 800 rest breaks. (Flores Decl. ¶¶ 6-7.) Based on Plaintiff's allegations, including her allegation that Defendant's rest break policy violated California law because it did not allow Plaintiff to leave the work premises during her rest break, here, and multiplying 800 violations by Plaintiff's hourly rate of pay of $32.56, Plaintiff's potential damages for her missed rest break claim is $26,048. (Farmer Decl. ¶ 16.)

**Inaccurate Wage Statements**

35. Plaintiff alleges that "from time to time," Defendant failed to provide Plaintiff with accurate wage statements because the wage statements did not accurately identify total hours worked for each pay period. (Compl. ¶ 14.) Plaintiff further alleges that the wage statements did not contain all the requirements under California Labor Code section 226. (*Id.*)

36. Plaintiff's wage statement claim has a one-year statutory period. The penalties for inaccurate wage statements equal $50 for the initial pay period and $100 for each subsequent pay period with a maximum penalty in the amount of $4,000 per employee. Cal. Labor Code § 226(e).

37. Here, the relevant time period is from August 12, 2024 until December 18, 2024, the date Plaintiff was terminated. As set forth in the Declaration of Cristian Flores, Plaintiff was paid bi-weekly. (Flores Decl. ¶ 6.) There are ten pay periods during the relevant time period. (Flores Decl. ¶9.) Since Plaintiff alleges that the wage statements were facially non-compliant, assuming all ten pay periods contained inaccurate wage statements, the wage statement penalty is approximately $950. (Farmer Decl. ¶ 16.)

**Failure to Reimburse Business Expenses**

38. Plaintiff alleges Defendant failed to reimburse Plaintiff for personal cell phone use. (Compl. ¶¶ 20-21.) During the relevant time period, Plaintiff worked for nineteen (19) months. (Flores Decl. ¶ 8.) Assuming $50 a month in unreimbursed business expenses for costs associated with cell phone reimbursement, Plaintiff's damages for unreimbursed business expenses is approximately $950. (Farmer Decl. ¶ 16.)

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Waiting Time Penalties**

39. Plaintiff asserts she is entitled to waiting time penalties. (Compl. ¶¶ 18.) Waiting time penalties are calculated by multiplying the average hours worked per day times 30 days times an employee's final rate of pay. Cal. Labor Code § 203. Here, assuming Plaintiff worked 8-hour shifts, and multiplying that by her hourly pay of $32.56 an hour times 30, Plaintiff's potential waiting time penalties is $7,814. (Farmer Decl. ¶ 16.)

**Summary of Penalties and Damages**

40. Adding up all of the above-mentioned penalties equals $64,768. Taking into account the claim for reasonable attorneys' fees that stems from Plaintiff's claims, discussed below, the amount in controversy easily exceeds $75,000. (Farmer Decl., ¶ 18.)

**Attorneys' Fees**

41. Plaintiff's Complaint also seeks the recovery of her attorney's fees. (Compl. ¶¶ 84, 91, 97, Prayer for Relief ¶¶ 1, 10, 17, 23, 29, 35, 41, 46, 51.) Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, at *10-11 (E.D.Cal. 2014) (holding that an estimate of the amount of attorney hours through trial was a reasonable estimate for purposes of determining amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal. 2002) (holding that for determining amount in controversy, attorneys' fees should be assessed through trial, and finding amount in controversy met in part by reasonable estimate of fees). While Defendants dispute such an award is appropriate, if awarded by the Court, any award of attorneys' fees that Plaintiff is to receive if she prevails on her claims would place the amount in controversy well beyond the $75,000 threshold.

42. As discussed above, the wage and hour penalties add up to $64,768. At a minimum, and assuming liability (which Defendant disputes), should Plaintiff's claims proceed as an individual claim, it is more than reasonable to believe that her attorney's fees will equal to or exceed $10,232. (Farmer Decl., ¶¶ 13-15, 17.)

43. Based upon the pleadings, it is clear that Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00. Removal of this action is therefore proper. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (finding that when "complaint is unclear and does not specify 'a total amount in controversy,'" the proper burden of proof for removal is a preponderance of the evidence). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied); *Ditcharo v. UPS*, No. 09-30993, 2010 U.S. App. LEXIS 9012, **5-7 (5th Cir. April 29, 2010) (adopting *Luckett* "preponderance of the evidence" standard). Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

## V. VENUE

44. Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 84(b), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Alameda.

## VI. NOTICE OF REMOVAL

45. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Norman Blumenthal, norm@bamlawca.com, Blumenthal Nordregaug Bhowmik De Blouw LLP, 2255 Calle Clara, La Jolla, California 92037. (Farmer Decl. ¶ 9.) In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda. (*Ibid.*)

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

Dated: September 19, 2025

LITTLER MENDELSON, P.C.

Matthew E. Farmer
Attorneys for Defendant EVERON, LLC f/k/a ADT COMMERCIAL LLC

4899-4286-0646 / 122814.1034

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000