UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA LLAMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERON, LLC,<br><br>    Defendant. | Case No. 25-cv-08012-RS<br><br>**ORDER VACATING HEARING AND REQUESTING FURTHER BRIEFING** |

In this putative class action removed from state court on the basis of alleged diversity jurisdiction, defendant opposes plaintiff's pending motion to remand by arguing a reasonable estimate of the named plaintiff's purported actual damages is $64,773.36, which, when combined with a reasonable estimate of the total attorney fees at stake as $198,655, easily exceeds the $75,000 amount in controversy threshold for removal jurisdiction based on diversity. Neither the complaint nor the record in the remand briefing establishes the number of putative class members. Assuming a class of as few as twenty members (the lower end of a class size suitable for certification), the attorney fees attributable to each class member would be $9,932.75. Adding that number to the named plaintiff's supposed damages of $64,773.36, would result in an amount in controversy of no more than $74,706.11, an amount under the jurisdictional minimum, even crediting all of defendant's assumptions as to actual damages, and applying an extremely conservative estimate of the potential size of the class.

Because the parties' briefing did not expressly address this issue, the hearing set for

December 4, 2025, is vacated. Defendant may file a supplemental brief, not to exceed 10 pages, in opposition to remand within one week of the date of this order. Plaintiff may file a supplemental reply brief, also not to exceed 10 pages, within one week thereafter. Unless otherwise ordered, the matter will then be submitted for decision without oral argument.

The parties' briefing should expressly address the analysis and holding in *Green v. Flowers Bakeries Sales of Norcal, LLC*, No. 25-CV-06679-JSC, 2025 WL 3102034, at *3 (N.D. Cal. Nov. 6, 2025) ("Defendant's cited wage and hour cases in which courts estimated future attorneys' fees to be above $75,000 are not persuasive because they did not apportion attorneys' fees among all class members as Ninth Circuit law requires.").

**IT IS SO ORDERED**.

Dated: November 21, 2025

_____
RICHARD SEEBORG
Chief United States District Judge