UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA LLAMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERON, LLC,<br><br>    Defendant. | Case No. 25-cv-08012-RS<br><br>**ORDER GRANTING MOTION TO REMAND** |

Defendant Everon, LLC, removed this putative class action from state court, contending a reasonable estimate of named plaintiff Erika Llamas's purported actual damages is $64,773.36, which, when combined with a reasonable estimate of the total attorney fees at stake of $198,655, easily exceeds the $75,000 amount in controversy threshold for removal jurisdiction based on diversity. The hearing on Llamas's motion to remand was vacated. The parties were asked to provided further briefing on the question of whether the total amount of attorney fees potentially recoverable on behalf of a certified class should count towards the diversity jurisdictional minimum, or whether only the *pro rata* attorney fees attributable to the named plaintiff should be considered.

While the class size is not specified in the complaint here, the only reasonable inference from the complaint is that the number of members in putative class far exceeds 20.[1] Assuming a

---

[1] A putative class of fewer than 20 is unlikely to meet the numerosity requirement.

class size of only 20 members, or fewer, the jurisdictional minimum for removal would not be satisfied, even crediting Everon's calculation of $64,773.36 as the amount of other damages in controversy, unless the potential attorney fees are *not* allocated among class members.[2]

The order for further briefing directed the parties to address the analysis and holding in *Green v. Flowers Bakeries Sales of Norcal, LLC*, No. 25-CV-06679-JSC, 2025 WL 3102034, at *3 (N.D. Cal. Nov. 6, 2025) ("Defendant's cited wage and hour cases in which courts estimated future attorneys' fees to be above $75,000 are not persuasive because they did not apportion attorneys' fees among all class members as Ninth Circuit law requires."). Everon's supplemental briefing does not argue there is a basis for removal jurisdiction under diversity if the potential attorney fee claim must be apportioned among the putative class members. Rather, Everon contends *Green* was wrongly decided and/or should not be followed here.

As a district court case, *Green* is not controlling authority. It is, however, persuasive. Everon insists *Green* should not be seen as good law because it relied on Ninth Circuit authority that ultimately can be traced back to *Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973), a case superseded by subsequent legislation. *See Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005) ("We hold that [28 U.S.C.] § 1367 by its plain text overruled . . . *Zahn*.").

The specific holding in *Zahn* that is no longer good law, however, was:

> Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case—one plaintiff may not ride in on another's coattails.

414 U.S. at 301 (citation omitted).

Everon contends that because under present law only the named plaintiff must satisfy the

---

[2] With a class of twenty members the attorney fees attributable to each class member would be $9,932.75. Adding that number to the named plaintiff's supposed damages of $64,773.36 would result in an amount in controversy of no more than $74,706.11, slightly under the jurisdictional minimum. A larger class would only lower the named plaintiff's share of any fee award.

amount in controversy, there is no reason to apportion fees across a putative class. Everon further argues that especially because there is no certainty that a class will ever be certified, all of the potential attorney fees should be considered part of the amount in controversy under the claims of Llamas, the named plaintiff.

At the outset, is not clear the total amount of attorney fees in controversy would be the same regardless of whether this were an individual action or a class action. Even assuming as much, however, it does not follow that the fee claim should not be apportioned across the putative class, merely because the law no longer requires only the named plaintiff's claim to satisfy the jurisdictional minimum in diversity cases. *Exxon* concluded *Zahn* was no longer good law in light of the statutory expansion of supplemental jurisdiction to reach claims of putative class members that might not individually meet the dollar threshold. *See*, *Exxon*, 545 U.S. at 562. Nothing in that holding implies a named plaintiff may claim attorney fees potentially recoverable by the whole class to satisfy the amount in controversy as to his or her own claims. Thus, the fact that this action might never be certified does not support a different result.

Again, Everon does not contend there is a basis for removal if the attorney fee claim must be apportioned, as held in *Green.* Because the principles set out in *Green* and the authority on which it relied are not undermined by the statutory change regarding supplemental jurisdiction over the claims of putative class members, Llama's motion to remand must be granted. This action is hereby remanded to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated: December 4, 2025

RICHARD SEEBORG
Chief United States District Judge